```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-23707-CIV-MORENO
                                    MAGISTRATE JUDGE P.A. WHITE
```

MOISES E. BURE,
ISAAC BOURET,[1]                              :

    Plaintiff,                            :

v.                                            :           REPORT
                                                              OF MAGISTRATE JUDGE
STATE ATTORNEY GENERAL, ET AL.,               :           (DE#21)

    Defendants.                           :
_____

## I. Introduction

On December 14, 2009, the plaintiffs Moises E. Bure, and Isaac Bouret filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. Moises Bure, a multiple filer, paid the Clerk's full filing fee, and the case was permitted to proceed.

This cause is presently before the Court for a screening, pursuant to 28 U.S.C. §1915A, of the amended complaint filed on March 19, 2010 (DE#21).

## II. Analysis

The plaintiff alleged in his initial complaint that he was stopped because of an expired tag, and cuffed and arrested on July 9, 2007, for driving with a suspended license and as a habitual traffic offender. He claims this was a violation of his constitutional rights. He was charged in multiple state cases. He

---

[1] It was recommended in the preliminary report that Isaac Bouret be dismissed from this case.

failed to appear in Court on October 24, 2007, because of his mental illness. He claims that Judge Butchko issued a warrant for his arrest, despite his father's explanation of why he didn't appear in court. Two officers appeared at his house to execute the warrant, David Segovia, Badge #5852 and Julian Sylvester, Badge #5993. He claims that Officer Sylvester tasered him upon arrest, while Officer Segovia encouraged him to use the taser gun. The officers unlawfully searched his house. He then was taken to Jackson Memorial Hospital and given three stitches, resulting from the use of the taser gun.

The plaintiff also attempted to attack his convictions in Case no. F06-18784, and 06-21714, along with multiple other state cases. It was recommended that this claim be dismissed pursuant to Heck v Humphrey, 512 U.S. 477 (1994).[2] Unless and until his convictions in these cases are overturned, he may not raise his claims in a civil rights complaint. The petitioner may not use a civil rights complaint to make an end run around the requirements of a habeas corpus petition.

A Preliminary Report was entered recommending that the complaint proceed against Officers David Segovia, Badge #5852 and Julian Sylvester, Bade #5993, for the use of unlawful force upon arrest. Service has been executed for these two defendants, and no answers have been filed. A notice of appearance for Defendants Segovia and Sylvester have been filed.

The proposed amended complaint alleges an illegal traffic stop without probable cause and names Officers Nieves and Hernandez. The

---

[2] Further, it was noted that the plaintiff filed a petition for writ of habeas corpus attacking the stop and seizure and arrest in these cases, and the issues were barred by the doctrine of Stone v Powell, 428 U.S. 465 (1976). Case No. 07-20095-Civ-SH.

plaintiff states that he raised this claim in a prior civil rights complaint, Case No. 07-22033-Civ-Cooke. The claim was barred pursuant to Heck v Humphrey, 512 U.S. 477 (1994), and the complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. §1915 (e)(2)(B)(ii).

He argues that this should not bar his present claim as res judicata, because there was no adjudication on the merits. The plaintiff is mistaken. The claims raised herein have been considered and rejected by this Court. It is therefore recommended that this Complaint be dismissed pursuant to the doctrine traditionally termed res judicata, also referred to by the preclusive effects of former adjudication as "claim preclusion" and "issue preclusion" because the claims raised herein have been already been ruled upon by this Court. See Baker v. General Motors, Corp., 522 U.S. 222, 233 n. 5 (1999). It is clear in this case that res judicata would be an affirmative defense to the complaint and thus dismissal at the screening stage on this ground is appropriate.

## IV.  Conclusion

Based on the foregoing, it is recommended that the amended complaint (DE#21) be dismissed.

The Court will not permit any further amended complaints related to these issues.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 26th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Moises E. Bure pro Se
      No. 070096101
      Miami Dade Stockade
      Address of Record

      Attorney of record