```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-23707-CIV-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
```

MOISES E. BURE,
ISAAC BOURET,[1]                     :

    Plaintiff,                  :
                                                           CORRECTED
v.                                   :   PRELIMINARY REPORT
                                                           OF MAGISTRATE JUDGE
STATE ATTORNEY GENERAL, ET AL.,      :

    Defendants.                 :
_____

## I.  Introduction

On December 14, 2009, the plaintiffs Moises E. Bure, and Isaac Bouret filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. Moises Bure is a multiple filer, however he has paid the Clerk's full filing fee.

This cause is presently before the Court for initial screening of the complaint pursuant to 28 U.S.C. §1915A.

## II.  Analysis

Pursuant to 28 U.S.C. §1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental

---

[1] Although Isaac Bouret signed the complaint, he alleges no constitutional violations related to him. He did not file a motion to proceed *in forma pauperis* and the fee was not paid on his behalf. Further, two plaintiff's may not join together in one lawsuit to avoid each plaintiff paying the Clerk's filing fee. Although Bouret does not appear to be a prisoner, and is therefore not subject to the Rules of the PLRA, it will be recommended that he be dismissed from this case.

entity or officer or employee of a governmental entity. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). This statute provides, in relevant part:

>  Sec. 1915A. Screening
> 
>  (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> 
>  (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
> 
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> 
>   (2) seeks monetary relief from a defendant who is immune from such relief.
> 
>  (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

>       adjudicated delinquent for, violations of
>       criminal law or the terms and conditions of
>       parole, probation, pretrial release, or
>       diversionary program.

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

3

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief. Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

### III. Claims

The plaintiff names the following twelve defendants: the Attorney General's Office, Hudson, of the Public Defender's Office, the Law office of David Markus, Harvey Ruven, Clerk of Court, Judges Jorge Perez, Marisa Mendez, Beatrice Buthko, Barbara Arezes, Roberto Pineiro, the Miami Dade Police Department and Miami Dade Corrections Department and Teresa Cowart, of the Official Reporting Service.

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

The plaintiff was stopped because of an expired tag, and cuffed and arrested on July 9, 2007, for driving with a suspended license and as a habitual traffic offender. He claims this was a violation of his constitutional rights. He was charged in multiple state cases. He failed to appear in Court on October 24, 2007, because of his mental illness. He claims that Judge Butchko issued a warrant for his arrest, despite his father's explanation of why he didn't appear in court. Two officers appeared at his house to execute the warrant, David Segovia, Badge #5852 and Julian Sylvester, Badge #5993. He claims that Officer Sylvester tasered him upon arrest, while Officer Segovia encouraged him to use the taser gun. The officers unlawfully searched his house. He then was taken to Jackson Memorial Hospital and given three stitches, resulting from the use of the taser gun.

The main gravamen of the plaintiff's complaint is a collateral attack upon his multiple state court convictions. The petitioner filed a petition for writ of habeas corpus in this Court, Case No. 07-20095-Civ-Highsmith, which he claims has been dismissed for failure to exhaust his state court remedies.

However, review of the Court's docket reveals that two of his claims, the unlawful search and seizure, and unlawful traffic stop and arrest without probable cause were barred under the doctrine of <u>Stone v Powell</u>, 428 U.S. 465 (1976), and the two remaining claims were dismissed for failure to exhaust. The plaintiff was tried in case No. F07-23336 and sentenced to ten years. He has various charges and convictions against him in four other cases; F07-38473, F07-41436, F08-32465 and F07-41435. He states that Case No. F07-38473, battery upon a law officer and arrest with violence was nolle prosed.

5

In this complaint he makes multiple complaints against the various judges in his cases, none of which state a claim for relief: He claims that Judge Arezes permitted counsel to withdraw, following a <u>Faretta</u> hearing, in which the plaintiff was found competent to represent himself. He claims he filed twenty six <u>pro-se</u> motions in trial court, which were denied by Judge Arezes and Judge Pineiro, and that Judge Butchko was malicious.

He claims he was coerced by Hudson, his public defender, into pleading guilty of cocaine charges in case nos. F06-18784 and F06-21714.

He attacks the effectiveness of his privately retained attorney Markus for failing to investigate his cases.
.
He claims the Miami Dade Corrections Department denied his psychotropic medication, resulting in his not being in his right state of mind during his court dates.  This claim is contradicted by the results of the <u>Faretta</u> hearing, finding him competent to represent himself.

He claims that Terlesa Cowart, employed by the Official Reporting Service sent him a bill for a transcript that was supposed to be sent free of charge, and that the Clerk of Court, Harvey Ruvin, failed to send him copies of all the docket sheets he requested. He fails to state a specific claim for relief, however it will be implied that the plaintiff is seeking a reversal of his conviction, charges dropped in pending cases and monetary damages.

6

Immunity

Many of the plaintiff's named defendants are not amenable to suits for damages. Defendant Attorney Markus is immune from a §1983 suit for damages. The plaintiff must demonstrate that he has been deprived of a federally protected right by a person acting under "color of state law". Polk County v Dodson, 454 U.S. 312 (1981). Markus, a privately retained attorney was not acting under color of state law. Public Defenders are also immune from suit as they do not act under color of state law.

Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (claims for injunctive relief, and suits involving judges' administrative, legislative, or executive functions). Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11 Cir. 1985). Clearly, as stated in the facts above, the plaintiff has failed to demonstrate that any of the named judges acted outside their judicial authority.  The plaintiff names the Attorney General's Office. Prosecutors are also immune from suits for damages.

His claims against Cowart and Harvey Ruvin fail to state a claim. There is no constitutional right to either a free transcript or copies of multiple docket sheets. Further, Clerk Ruvin is immune from a suit for damages. Clerks of Court are entitled to qualified immunity from liability if they were acting pursuant to their lawful authority and following in good faith the instructions or rules of the Court and were not in derogation of these instructions or rules. Henriksen v. Bentley, 644 F.2d 852, 854-56 (10 Cir.

7

1981); McLallen v. Henderson, 492 F.2d 1298 (8 Cir. 1974); McCray v. Maryland, 456 F.2d 1, 3-5 (4 Cir. 1972).

Miami Dade Department of Corrections and the Miami Dade Police Department are not a separate entity which can be sued in a 1983 claim. The Miami Dade Department of Corrections and Police Department are County agencies. To allege a §1983 action against a county a plaintiff must assert that a constitutional deprivation resulted from a custom, policy, or practice of the county. Wideman v. Shallowford Community Hospital, Inc. supra, 826 F.2d at 1032, and cases cited therein. Such liability, however, may not be predicated on the theory of respondeat superior. Only if the alleged constitutional violations resulted from a county custom, policy or practice of a county, may its administrators or supervisors be held liable. Monell v. Department of Social Services, supra, 436 U.S. at 694; Free v. Granger, 887 F.2d 1552 (11 Cir. 1989); Wideman v. Shallowford Community Hospital, Inc., supra, 826 F.2d at 1032. The plaintiff names no specific defendant who failed to provide him with his psychotropic medication before he appeared in Court.

Heck dismissal

Bure's challenges to his state convictions are not cognizable claims in a civil rights case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by

a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

Unless, and until his conviction in case nos. F06-18784, 21714, and F07-23336, are overturned, he may not raise his claims in a civil rights complaint. The petitioner may not use a civil rights complaint to make an end run around the requirements of a habeas corpus petition. He must further file a petition for writ of habeas corpus if convicted of the charges pending against him in the other cases pending at the time of his filing his initial petition. If overturned, he may then may raise his claims as a civil rights complaint.

### Use of Unlawful Force Upon Arrest

Claims of excessive force by police officers upon arrest are cognizable under 42 U.S.C. §1983. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). It is not necessary for a prison or jail official to actually participate in the use of excessive force in order to be held liable under §1983, he need only be present at the scene and fail to take steps to protect a victim from a fellow officer's use of excessive force. Fundiller, 777 F.2d at 1441-42 ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance"); Harris v. Chanclor, 537 F.2d 203, 206 (5 Cir. 1976) ("a supervisory officer is liable under [Section] 1983 if he refuses to intervene where his subordinates are beating an inmate

in his presence").  A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard.  <u>Graham v. Connor</u>, 490 U.S. 386 (1989); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

The only cognizable claim in the plaintiff's complaint is that two police officers used unlawful force against him upon arrest.[3] He states that Officers Segovia and Sylvester tasered him, resulting in injuries requiring a hospital visit and stitches. The plaintiff states that the charges of battery upon a law enforcement officer and resisting arrest with violence in case no. F07-38473 were nolle prosed. At this preliminary state it is difficult to determine whether the force used was necessary.

<u>Recommendations</u>

1.  Plaintiff Isaac Bouret be dismissed for the reasons stated in this Report.

2.  Defendants PD Hudson,, Attorney Markus, Clerk Harvey Ruvin, Teresa Cowart, the Miami Dade Department of Corrections, Miami Police Department, the Office of the Attorney General, and all named Judges be dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

---

[3]The claim that the officers conducted an unlawful stop and arrest is without merit. The plaintiff's truck had an expired tag and a legitimate traffic stop ensued. The plaintiff was arrested on outstanding charges. The search of his home following his arrest is also without merit, as he himself states he was arrested upon a warrant.

10

3. This complaint should proceed against Officers David Segovia, Badge #5852 and Julian Sylvester, Bade #5993, for the use of unlawful force upon arrest.

IV. Conclusion

Based on the foregoing, it is recommended that the Complaint proceed against the named defendants in their individual capacity. The issue of qualified immunity and exhaustion cannot be determined in a motion to dismiss.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 26th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Moises E. Bure pro Se
No. 070096101
Miami Dade
Address of Record

Isaac Bouret
8448 NW 34th Ct
Miami, FL 33147