UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23707-CIV-MORENO
MAGISTRATE JUDGE P.A. WHITE

MOISES E. BURE,                          :

      Plaintiff,                     :

v.                                       :       SUPPLEMENTAL REPORT
                                                 OF MAGISTRATE JUDGE
STATE ATTORNEY GENERAL,   ET AL.,        :

      Defendants.                    :
_____

### I.   Introduction

The plaintiff, Moises E. Bure filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983, and amended complaint.  The plaintiff was granted leave to proceed in forma pauperis. Defendants' Sylvester and Segovia filed a Motion to Dismiss. A Report was entered recommending denial of the Motion to Dismiss, and the Report was adopted on September 27, 2010 (DE#63).

This Cause is before the Court upon the Defendants' Motion for Reconsideration of the Order Denying the Motion to Dismiss (DE#67) referred to the Undersigned Magistrate Judge.

### II. Analysis

The facts as stated by the plaintiff are as follow: The plaintiff was stopped because of an expired tag, and cuffed and arrested on July 9, 2007, for driving with a suspended license and as a habitual traffic offender. He was charged in multiple state cases. He failed to appear in Court on October 24, 2007, because of his mental illness. He claims that Judge Butchko issued a warrant for his arrest, despite his father's explanation of why he didn't

appear in court. Two officers appeared at his house to execute the warrant, David Segovia, Badge #5852 and Julian Sylvester, Badge #5993. He claims that Officer Sylvester tasered him upon arrest, while Officer Segovia encouraged him to use the taser gun. The officers unlawfully searched his house. He then was taken to Jackson Memorial Hospital and given three stitches, resulting from the use of the taser gun.

As stated in the Preliminary Report, claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1 (1985) and Graham v. Connor, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotations omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at

396.  In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396.

It was determined in the Preliminary Report that the plaintiff has raised sufficient facts to state a claim of use of unlawful force against Officers Sylvester and Segovia.

The defendants filed a motion to dismiss contending 1) the claims are barred by qualified immunity 2)the use of force was not excessive 3)the use of force was De Minimis and 4) the Use of Force did not violate clearly established law engaging in excessive force and causing physical injuries.

As stated in the preliminary report, the standard of review for a preliminary screening is the same as that used for a motion to dismiss. Upon screening, it was found that the plaintiff had stated a claim for use of excessive force at this preliminary juncture. After review of the motion to dismiss, this finding remained unchanged.

The defendants, referring to the plaintiff's factual allegations, contended in their motion to dismiss that upon arrest, when the plaintiff became frightened at seeing the taser gun, he turned away from them, calling for his mother. They tasered his

back, resulting in injuries requiring stitches. Without further information, affidavits, medical records, etc., it cannot be determined whether the defendants are entitled to qualified immunity, and whether the use of force was unlawful. It was therefore recommended that the motion to dismiss be denied, and that these issues that may be determined at the summary judgment stage.

<u>The Motion for Reconsideration</u>

In the Defendants' Motion for Reconsideration they rely on <u>Snover v City of Starke</u>, 10-WL 3784468 (11 Cir. 2010) for the proposition that Snover's claim of excessive force against officers failed to survive a motion for summary judgment because Snover had failed to cooperate in getting out of the car when ordered to do so. Defendants' are analogizing that, because Bure turned his back on the officers to call for his mother during his arrest, he was resisting arrest. The defendants' reliance on <u>Snover</u> is unavailing.

In the first instance, it is common sense that if a defendant is being arrested, and proves uncooperative, force used to effect the arrest may not necessarily constitute excessive force. However, it is impossible to tell how uncooperative a defendant is without further discovery of the events. In this case, the plaintiff, who has mental problems, became frightened upon arrest at seeing the taser, turned away from the police officers, and began calling for his mother. That may not be sufficient "lack of cooperation" to permit the force used by the officers upon his arrest.

Secondly, <u>Snover</u> was determined on a motion for summary judgment, which usually follows depositions and discovery to determine the facts of the situation. As stated in the preliminary

4

report, and the Report and Recommendation to deny the defendants'
motion to dismiss, it cannot be determined at this stage whether
the use of force used upon this plaintiff at the time of his arrest
was unlawful.

Further, the issue of qualified immunity was determined in
<u>Snover</u> at the summary judgment stage as well, after the facts had
been discovered, and should not be determined at this preliminary
juncture.

### III. <u>Conclusion</u>

It is therefore recommended that the Report recommending that
the Motion to Dismiss be denied remain unchanged.

Objections to this report may be filed with the District Judge
within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 18th day of October, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:  Moises Bure, <u>Pro Se</u>
     #070096101
     Miami Dade County Pre-trial Detention Center
     Miami, FL 33125
     Address of record

Marlon Moffett
Miami Dade County Attorney
Assistant County Attorney- Miami
Attorney of record